**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

J.P.E.H., by his parent and
next friend, Elizabeth Campbell[1]


        v.                                    Civil No. 07-cv-276-SM


Hooksett School District, et al.


**O R D E R**


        Before the Court is Elizabeth Campbell's complaint (document

no. 1)[2], seeking relief for alleged violations of the Individuals

_____

        [1]Both the First Circuit and the Supreme Court have been
presented with the issue of whether pro se parents can represent
their minor children in IDEA proceedings, but neither court has
definitively resolved the issue.  See Winkelman v. Parma City
Sch. Dist., ___ U.S. ___, 127 S. Ct. 1994 (2007); Maroni v. Pemi-
Baker Reg'l Sch. Dist., 346 F.3d 247 (1st Cir. 2003).  The
Supreme Court did make clear, however, that the rights and
interests of parents and their children under the IDEA are co-
extensive.  See Winkelman, 127 S.Ct. at 2004 ("IDEA does not
differentiate . . . between the rights accorded to children and
the rights accorded to parents.").  Consequently, even if
Campbell cannot, strictly speaking, represent her minor son in
pursuing his IDEA claims against the School District, she may
pursue her own identical claims in her own right.  Accordingly,
to the extent that Campbell's complaint raises IDEA claims, I
find that Campbell is proceeding on her own behalf and pursuing
her own co-extensive rights under that statute.

        [2]Another case filed by Campbell, Campbell v. Hooksett Sch.
Dist., No. 07-cv-275-PB, is currently awaiting preliminary
review.  A motion to consolidate the two matters has been filed.

with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq., Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, et seq., the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g, the United States Constitution, and State law.  Because Campbell is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether or not she has stated any claim upon which relief might be granted.  See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1).

For the reasons discussed in the Report and Recommendation issued simultaneously with this Order, I direct that the IDEA claims, the claims based on the New Hampshire Special Education law arising out of the same facts as the IDEA claims, and the Rehabilitation Act claims be served on the defendants.[3]  In my

---

[3]In addition to the Hooksett School District ("HSD"), Campbell has named the following individual HSD and New Hamsphire Department of Education ("DOE") employees as defendants to this action: Hooksett Memorial School Principal Carol Soucy, DOE Investigator Joanne Esau, HSD speech therapist and case manager Jacqueline Perra, HSD speech therapist Janet Butler, HSD attorney Jeanne Kincaid, HSD Special Education Director Marjorie Polak, DOE Hearing Officer Peter Foley, DOE licensing and credentialing officer Judith Fillion, Assistant to the DOE Commissioner Sarah Browning, and DOE employee Mary Heath.  It also appears, based on the allegations contained in the narrative of the complaint, that Campbell intended to name HSD Superintendent Charles Littlefield

Report and Recommendation, I recommend the dismissal of the constitutional claims, the FERPA claim, and all of the claims seeking money damages.

As I find that plaintiff has stated claims upon which relief may be granted, and without any comment on the merits of the claims, I order the complaint (document no. 1) be served on the HSD and HSD employees Carol Soucy, Jacqueline Perra, Janet Butler, Jeanne Kincaid, Marjorie Polak, and Charles Littlefield. I further order that the complaint be served on DOE defendants Joanne Esau, Peter Foley, Judith Fillion, Sarah Browning, and Mary Heath.

As to the Hooksett defendants, my review of the file indicates that plaintiff has not filed any summons forms for the named defendants.  Campbell has filed, instead, "Notice of Lawsuit and Request for Waiver of Service of Summons" forms.  A request for waiver of service of summons is not properly made by filing forms with the Court.  Instead, Fed. R. Civ. P. 4(d)(2)

---

as a defendant to this action, although he is not listed in the caption of the complaint, and I will consider Littlefield to have been named by Campbell as a defendant to this action.  As Campbell has alleged the minimum facts necessary to claim that each defendant was responsible either for specific acts or systemic issues, I will consider, for purposes of preliminary review only, that each of the defendants listed here is properly named in this action.

requires that a plaintiff "notify [a] defendant of the
commencement of the action and request that the defendant waive
service of a summons" by: (A) directing a written notice and
request directly to the defendant, if the defendant is an
individual, or else to an officer or managing or general agent of
a defendant corporation or association; (B) by first-class mail
or other reliable means; (C) accompanied by a copy of the
complaint and the identity of the Court where the complaint has
been filed; (D) informing the defendant, in accordance with the
rule, of the consequences of compliance and failure to comply
with the request; (E) setting forth the date on which the request
is sent; (F) allowing the defendant a reasonable time to return
the waiver, which shall be at least 30 days from the date on
which the request is sent; and (G) providing the defendant with
an extra copy of the notice and request, as well as a prepaid
means of compliance in writing.  See Fed. R. Civ. P. 4(d).

I direct that the notice and request forms filed by Campbell
be returned to her with this Order, so that she may send them
directly to the defendants in accordance with Fed. R. Civ. P.
4(d)(1) if she still wishes to seek a waiver of service of
summons.  If Campbell chooses to seek waiver of summons from the

defendants, she must notify the Court that she has requested a waiver of formal summons from each defendant within ten days of the date of this Order.  Campbell must then follow the procedure set out by Fed. R. Civ. P. 4(d) to notify the Court as to whether the defendants have agreed to waive service of summons.

Because Campbell has not submitted summons forms for the defendants, I also direct the Clerk's Office to provide summons forms for each named defendant to Campbell.  If any defendant fails or refuses to waive service of summons, or if Campbell chooses to have the defendants served with a summons rather than to request a waiver, Campbell must return the completed summons forms to the Clerk's office within thirty days of the date of this Order, or within ten days of a defendant's refusal or failure to waive service of summons.  Upon receipt of the completed summons forms, the Clerk's office is directed to issue the summons forms and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses, copies of the complaint (document no. 1), the Motion to Consolidate (document no. 3), the Motion for Injunctive Relief, the Report and Recommendation, and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office

shall effect service upon the defendants.  <u>See</u> Fed. R. Civ. P.
4(c)(2).

As to the DOE defendants, the Clerk's office is directed to
serve the New Hampshire Office of the Attorney General ("AG"), as
provided in the Agreement On Acceptance Of Service, copies of the
complaint (document no. 1), the motion to consolidate (document
no. 2), the motion for injunctive relief (document no. 4), the
Report and Recommendation, and this Order.  <u>See</u> LR 4.3(d)(2)(C).
Within thirty days from receipt of these materials, the AG will
submit to the court an Acceptance of Service notice specifying
those defendants who have authorized the AG's office to receive
service on their behalf.  When the Acceptance of Service is
filed, service will be deemed made on the last day of the thirty-
day period.

As to those defendants who do not authorize the AG's office
to receive service on their behalf or whom the AG declines to
represent, the AG shall, within thirty days from receipt of the
aforementioned materials, provide a separate list of the last
known addresses of such defendants.  The Clerk's office is
instructed to complete service on these individuals by sending to

them, by certified mail, return receipt requested, copies of these same documents.

The defendants are instructed to answer or otherwise plead within twenty days of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).[4]

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     December 18, 2007

cc:       Elizabeth Campbell, pro se

---

[4]If any of the defendants have waived service of summons under Fed. R. Civ. P. 4(d), they must answer within 60 days after the date when the request for waiver was sent.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(B).