UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

J.P.E.H., by his parent and
next friend, Elizabeth Campbell,
    Plaintiff

    v.                                      Civil No. 07-cv-276-SM
                                                Opinion No. 2008 DNH 193

Hooksett School District;
Carol Soucy; Joanne Esau;
Jaqueline Perra; Janet Butler;
Jeanne Kincaid; Marjorie Polak;
Peter Foley; Judith Fillion;
Sarah Browning; Mary Heath;
and Charles (Phil) Littlefield,
    Defendants


**O R D E R**


Given the magistrate judge's preliminary review and construction of Elizabeth Campbell's complaint (see document no. 6), this case consists of claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq.; Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, et seq.; and chapter 186-C of the New Hampshire Revised Statutes Annotated ("RSA").

Before the court is a motion to dismiss the complaint filed by six individuals who are employed by the Hooksett School District ("HSD"), i.e., defendants Soucy, Perra, Butler, Kincaid, Polak, and Littlefield (document no. 28), and a second motion to dismiss filed by another five individuals who are employed by the

New Hampshire Department of Education ("DOE"), i.e., deendants Esau, Foley, Fillion, Browning, and Heath (document no. 35). Campbell objects. For the reasons given, both motions are granted.

A motion to dismiss for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a motion to dismiss under Rule 12(b)(6), the court "must assume the truth of all well-plead facts and give the plaintiff[s] the benefit of all reasonable inferences therefrom." Alvarado Aguilera v. Negrón, 509 F.3d 50, 52 (1st Cir. 2007) (quoting Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007)). In addition, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[A] complaint is properly dismissed for failure to state a claim 'only if the facts lend themselves to no viable theories of recovery.'" Garnier v. Rodríguez, 506 F.3d 22, 26 (1st Cir.

2007) (quoting Phoung Luc v. Wyndham Mgmt. Corp., 496 F.3d 85, 88 (1st Cir. 2007)).

In his report and recommendation, which was approved by the court (see document no. 16), the magistrate judge recommended that all of Campbell's claims seeking monetary damages be dismissed because "[i]t is black letter law that . . . money damages of any sort are not available in a private suit under the IDEA." Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 28 (1st Cir. 2006) (citing Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 124 (1st Cir. 2003)).  Moreover, "the IDEA does not permit an award of any monetary relief, including tuition reimbursement and compensatory education, against individual school officials who are named in their personal capacities as defendants in an IDEA action." Diaz-Fonseca, 451 F.3d at 34-35; see also Bradley v. Ark. Dep't of Educ., 301 F.3d 952, 957 n.6 (8th Cir. 2002) ("We have found no authority, and the parties have not directed this Court to any authority, awarding such expenses [i.e., educational expenses incurred by the plaintiffs that should have been paid by the school district] against either state or local education officials.  This is hardly surprising, inasmuch as the IDEA is devoid of textual support for such an award.")  Because the IDEA does not provide for any relief that could be awarded against the individual defendants, Campbell has failed to state a claim

3

against them on which relief could be granted.  Therefore, all eleven individual defendants are entitled to dismissal of plaintiff's IDEA claims against them.

Plaintiff's Rehabilitation Act claims against the individual defendants must also be dismissed.  The Rehabilitation Act "forbids any program receiving federal aid from discriminating against an individual by reason of a handicap." Toledo v. Sánchez, 454 F.3d 24, 38 (1st Cir. 2006).  "While '[t]he First Circuit Court of Appeals and the Supreme Court have yet to decide th[e] issue of individual liability[,] . . . the majority of circuits that have confronted this issue [have held] that no personal liability can attach to agents and supervisors under . . . the Rehabilitation Act.'" Mitchell v. Mass. Dep't of Corr., 190 F. Supp. 2d 204, 213 (D. Mass. 2002) (quoting Castro Ortiz v. Fajardo, 133 F. Supp. 2d 143, 150-51 (D.P.R. 2001) (citing cases)).  The reasoning of Mitchell and Castro Ortiz is persuasive.  Because Campbell has alleged no facts suggesting that any of the individual defendants is a "program or activity receiving Federal financial assistance," Mitchell, 190 F. Supp. 2d at 213, she has failed to state a claim against them under the Rehabilitation Act.  Accordingly, all eleven individual defendants are entitled to dismissal of plaintiff's Rehabilitation Act claims against them.

Finally, plaintiff's state-law claims against the individual defendants, under RSA chapter 186-C, must also be dismissed. "RSA chapter 186-C . . . represents New Hampshire's efforts to ensure compliance with the federal law." In re Milan Sch. Dist., 123 N.H. 227, 231 (1983).[1]  Thus, it stands to reason that absent some express statement to the contrary, from either the legislature or the New Hampshire Supreme Court, the remedies available under RSA chapter 186-C are no more extensive than those under the IDEA.

The legislature has expressed itself clearly. "It is the purpose of [RSA] chapter [186-C] to ensure that the state board of education and the school districts of the state provide a free and appropriate public education for all educationally disabled children." RSA 186-C:1 (Supp. 2007) (emphasis added).  The statute charges no entities other than the school districts of the state with the obligation to provide a free and appropriate public education for educationally disabled children. "All expenses incurred by a school district in administering the law in relation to education for educationally disabled children shall be paid by the school district where the child resides,

---

[1] While the "federal law" in force when Milan School District was decided was the Education for All Handicapped Children Act of 1975, see 127 N.H. at 230, there is no reason to believe that the statement in Milan School District applies with any less force to the IDEA.

except as follows . . ."  RSA 186-C:13, I (1999) (emphasis added).  None of the exceptions referred to in RSA 186-C:13 makes an individual school district employee or an employee of the DOE liable for the expenses of providing services to educationally disabled children.  Finally, "[a]ny action <u>against a local school district</u> seeking to enforce the special education rights under state or federal law shall be commenced by requesting an administrative due process hearing from the department of education . . ."  RSA 186-C:16-b, I (1999) (emphasis added).  RSA 186-C:16-b does not describe or authorize actions against any entity other than a local school district.

In short, RSA chapter 186-C does not establish a private right of action against individual school district employees or employees (or contractors) of the DOE.  Because Campbell has failed to state a claim against the individual defendants under RSA chapter 186-C, all eleven are entitled to dismissal of Campbell's state-law claims against them.

For the reasons given, the motions to dismiss (document no. 28 and document no. 35) are both granted.

**SO ORDERED.**

_(signature)_
Steven J. McAuliffe
Chief Judge

October 22, 2008

cc: Elizabeth J. Campbell, <u>pro se</u>
 Melissa A. Hewey, Esq.
 Anthony I. Blenkinsop, Esq.