UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>J.P.E.H., by his parent and
next friend, Elizabeth Campbell</u>,
    Plaintiff

    v.                                    Civil No. 07-cv-276-SM
                                        Opinion No. 2008 DNH 194

<u>Hooksett School District</u>,
    Defendant

**O R D E R**

Given the court's contemporaneous order dismissing plaintiff's claims against all defendants named in their personal capacities, this case consists of Elizabeth Campbell's claims against a single defendant, the Hooksett School District ("HSD" or "school district"), brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, <u>et</u> <u>seq.</u>; Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, <u>et</u> <u>seq.</u>; and chapter 186-C of the New Hampshire Revised Statutes Annotated ("RSA").  Before the court is the school district's motion to dismiss.  Campbell has filed no objection.  For the reasons given, defendant's motion to dismiss is granted in part and denied in part.

The factual background of this case is set out in detail in the magistrate judge's report and recommendation (document no.

6). Accordingly, the following description is limited to those facts relevant to ruling on defendant's motion.

On December 11, 2006, and January 2, 2007, Campbell filed a complaint against the HSD with the New Hampshire Department of Education ("DOE"), claiming, among other things, that the HSD failed to follow J.P.E.H.'s individualized education program ("IEP") and erroneously "deidentified" him, that is, determined that he was no longer eligible for special education services because he no longer qualified as a child with a disability within the meaning of the IDEA and RSA chapter 186-C. In her complaint, Campbell sought the following relief: (1) independent evaluations of J.P.E.H. to address all areas of his educational performance, language comprehension, auditory processing, and ADHD issues; (2) continuation of special education services until completion of the evaluation; (3) development of a "504 plan" to implement accommodations for J.P.E.H. in the event that the HSD's deidentification was affirmed; (4) provision to Campbell of syllabi and textbooks for every subject in which J.P.E.H. was receiving instruction; (5) permission for Campbell to be on school grounds and to communicate with the school via e-mail, phone, fax, and mail, to allow her to advocate for and assist J.P.E.H.; and (6) reasonable attorney's fees. For its part, the

HSD filed a complaint with the DOE seeking an order affirming its deidentification of J.P.E.H.

On May 11, 2007, DOE Hearing Officer Peter Foley issued an opinion and order in which he ruled that Campbell had failed to carry her burden of proving that the HSD had denied her son a free appropriate public education and that the HSD had carried its burden of proving that J.P.E.H. no longer qualified as a child with a disability under relevant federal and state law. Several months after the Hearing Officer issued his order, J.P.E.H. began the 2007-2008 school year in private school. The private schools he has attended, and continues to attend, are located outside the HSD. Campbell stated, in the complaint that initiated this case, that she will not send J.P.E.H. back to a school operated by the HSD.

Campbell commenced this action by filing a complaint on August 30, 2007. Her prayer for relief asks for: (1) attorney's fees for Raymond Foss, who represented her through part of the DOE hearing process; (2) reimbursement for her son's private-school tuition; (3) a private and IDEA remedy for various alleged procedural violations; (4) a private remedy for the abuse her son allegedly suffered and the subsequent cover up; (5) a private remedy for the violation of her son's privacy; and (6) the IDEA

remedy for outside evaluation.  Assuming Campbell intended the term "private remedy" to mean "money damages," her claims for such relief have been dismissed.  (See document no. 6, at 21-22.)  All that remain, then, are Campbell's claims for: an IDEA remedy for procedural violations; an IDEA remedy for outside evaluation; and reimbursement of her son's private-school tuition.

Defendant moves to dismiss, arguing that Campbell's claims for IDEA remedies such as outside evaluations of J.P.E.H. are moot due to his enrollment in a private school outside the district and that her claim for tuition reimbursement is not properly before this court because it was never raised before the DOE Hearing Officer.  The court considers each argument in turn.

"It is black-letter law that, in a federal court, justiciability requires the existence of an actual case or controversy."  Me. Sch. Admin. Dist. No. 35 v. Mr. & Mrs. R., 321 F.3d 9, 17 (1st Cir. 2003) (citing U.S. CONST. art. III, § 2, cl. 1).  "[A] case may be rendered moot (and, therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual relief."  Id. (citing CMM Cable Rep., Inc. v. Ocean Coast Props., Inc., 48 F.3d 618, 620-21 (1st Cir. 1995)).

4

Defendant argues that J.P.E.H.'s enrollment in a private school outside the district, coupled with Campbell's stated intention not to return him to the Hooksett schools, amount to a changed circumstance that eliminates any possibility of its being able to provide the IDEA remedies plaintiff seeks. Defendant is correct.

Campbell seeks two IDEA remedies, an outside evaluation of her son and an unspecified IDEA remedy for alleged procedural violations. Presumably, the IDEA remedy for procedural violations would be the provision of IDEA services in a procedurally correct manner. Once Campbell placed her son in a private school outside the Hooksett School District, his rights under the IDEA changed. See 34 C.F.R. § 300.137(a) ("No parentally-placed private school child with a disability has an individual right to receive some or all of the special education and related services that the child would receive if enrolled in a public school."). In addition, the responsibility to evaluate J.P.E.H.'s need for IDEA services passed from the HSD to the district in which his private school is located. See 34 C.F.R. § 300.131(a) ("Each LEA [local educational agency] must locate, identify, and evaluate all children with disabilities who are enrolled by their parents in private, including religious, elementary schools and secondary schools located in the school

district served by the LEA . . .").  Accordingly, all of Campbell's claims for IDEA remedies must be dismissed as moot because the HSD is unable to provide the relief she seeks.

On the other hand, notwithstanding its invocation of the IDEA exhaustion requirement, defendant is not entitled to dismissal of Campbell's claim for tuition reimbursement, even though she did not seek such relief in the DOE hearing process.  To be sure, the IDEA includes an exhaustion requirement, see 20 U.S.C. § 1415 (l), and "parents ordinarily must exhaust their administrative remedies before appealing to a federal court," Me. Sch. Dist. 35, 321 F.3d at 18 (citing Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 59, 63 (1st Cir. 2002)).  But a parent's "failure to raise a then-nonexistent . . . claim before the hearing officer is not fatal to judicial review."  Me. Sch. Dist. 35, 321 F.3d at 18.  Moreover, "[e]xhaustion may not be required where the pursuit of administrative remedies would be futile or . . . waste resources."  Pihl v. Mass. Dep't of Educ., 9 F.3d 184, 190 (1st Cir. 1993)).

Here, both Maine School District 35 and Pihl relieve Campbell of the obligation to make a claim for tuition reimbursement through the DOE hearing process before seeking such relief here.  First, as with the claim for compensatory education

in Maine School District 35, 321 F.3d at 18, Campbell's claim for tuition reimbursement did not accrue until long after the DOE hearing officer rendered his decision.  Campbell cannot be faulted for failing to request reimbursement for expenses not yet incurred.  Second, based on the Hearing Officer's decision in this case, it is clear that sending Campbell on a return trip through the administrative process would be an exercise in futility.  Among other things, the Hearing Officer ruled that Campbell failed to carry her burden of proving that the HSD denied her son a free appropriate public education.  Campbell would have to prove the very same thing – denial of a free appropriate public education – to prevail on an administrative claim for tuition reimbursement.  See C.G. v. Five Town Cmty. Sch. Dist., 513 F.3d 279, 289 (1st Cir. 2008) (citing Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 12 (1993); Sch. Comm. v. Dep't of Educ., 471 U.S. 359, 370 (1985)).  Because the Hearing Officer has already ruled that the HSD did not deny Campbell's son a free appropriate public education, it is inevitable that her tuition-reimbursement claim would fail as well, making a return to the administrative process futile. Accordingly, defendant is not entitled to dismissal of Campbell's claim for tuition reimbursement on grounds of a failure to exhaust administrative remedies.

For the reasons given, the HSD's motion to dismiss (document no. 31) is granted in part and denied in part. What remains of this case is Campbell's claim for tuition reimbursement, which depends in large measure upon whether the school district denied Campbell's son a free and appropriate public education.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 22, 2008

cc:   Elizabeth J. Campbell, pro se
      Melissa A. Hewey, Esq.
      Anthony I. Blenkinsop, Esq.