```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

J.P.E.H., by his parent and
next friend, Elizabeth Campbell,
    Plaintiff

    v.                                  Civil No. 07-cv-276-SM
                                        Opinion No. 2009 DNH 026
Hooksett School District,
    Defendant


**O R D E R**


As a result of two previous orders (documents 37 & 38), this IDEA case now consists of a claim for tuition reimbursement against the Hooksett School District. Before the court are thirteen pending motions, eleven filed by plaintiff, two by defendant.

In documents 54 and 63, plaintiff moves to recuse the undersigned. Plaintiff says the court is biased against her because of her race, and against her son, because of his race and disabilities. One federal statute, 28 U.S.C. § 455(a), provides that a "judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Another relevant federal statute provides that

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against [her] in favor of

> any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.  Plaintiff has not filed a legally sufficient affidavit.  While plaintiff vaguely speaks of evidence showing bias, she does not say what that evidence is, other than suggesting that other IDEA plaintiffs in other cases who are white have not suffered the various financial and emotional hardships that she and her son have suffered.  Plaintiff's unsupported belief that she is the victim of bias is not evidence of bias.  Nothing in the record or in any pleading filed or rulings made supports plaintiff's claim, and no reasonable person fully informed of the relevant facts would have reason to question my impartiality in this case.  A judge has as strong a duty not to recuse when recusal is inappropriate as to recuse when it is.  And, litigants cannot be permitted to engage in judge shopping simply by resort to baseless allegations of bias.  The motions to recuse presented in documents 54 and 63 are denied.

Three pending motions, those presented in documents 61, 64, and 71, pertain to the administrative record.  Despite plaintiff's documented acknowledgment that defendant had assembled the complete administrative record, she now informs the court that certain additional items should be added to the record

(document 61), and moves for the addition of thirty specific items (document 71).  (Document 71 appears to supersede document 64, which moves to add twenty-two specific items, all of which are listed in document 71).  Defendant objects.  Document 61, which does not ask for any particular relief, and document 64, which is superseded, are both denied as moot.  While defendant's objection to the inclusion of additional material in the administrative record appears to be meritorious, the motion in document 71 is, nevertheless granted.  The court will accept the documents proffered by plaintiff, and give them the consideration and weight due as relevant.  However, the administrative record is now closed; no further additions will be accepted.

Two motions pertain to the joint statement of material facts required by Local Rule 9.3, over which the parties seem to have reached an impasse.  In response to plaintiff's apparent refusal to comply with the procedure outlined in Rule 9.3(d), defendant moves to dismiss plaintiff's action for lack of prosecution or, in the alternative, for an alteration of the procedure required by Rule 9.3(d).  Plaintiff objects.

Defendant's motion (document 53) is granted to the extent that the joint statement requirement is waived, <u>see</u> L.R. 1.3(b), and each party shall, within thirty days of the date of this

order, file a narrative statement of facts, <u>with</u> <u>record citations</u>, that summarizes procedural developments and relevant facts, that is, facts pertinent to the resolution of this case. If plaintiff is satisfied with the Amended Statement of Facts she filed on February 18, 2009 (document 69), she shall notify the court within thirty days that she wishes to have document 69 serve as her statement of facts.

The parties are cautioned that the court will consider only facts supported by the record. This case consists of a single issue: Whether plaintiff is entitled to reimbursement for private school tuition? Factual allegations related to other matters are not germane to any issue the court must decide in this case. Based upon the foregoing, plaintiff's motion to add her statement of facts (document 55) is granted, to the extent that any facts she seeks to add may be incorporated into her properly supported narrative statement.

In document 60, plaintiff moves the court to add relief and details. Defendant objects. Document 72 appears to be an expanded version of document 60. The court has ruled that the relief plaintiff seeks in those motions is not available from this defendant. Accordingly, the motions presented in documents 60 and 72 are denied. Document 62, which appears to be a motion

to amend the complaint to add a claim under FERPA, is denied for failure to comply with Local Rule 15.1, and because plaintiff's FERPA claim was previously dismissed, by order dated January 15, 2008 (document 16).

Document 70, captioned "Motion for Relief in Light of the Denial of a FAPE and Explanation of the Type of Proposed Relief," is difficult to characterize.  To the extent that motion seeks relief that has already been determined to be unavailable to plaintiff from this defendant (such as testing and assessment of J.P.E.H.) document 70 is necessarily denied.

Document 73, titled "Plaintiff's Motion in Response to School District's Response (Below 1-5)," is also difficult to characterize.  It has seven identifiable requests for relief.  To the extent it requests relief that has already been granted (placement of plaintiff's statement of facts and additional exhibits on the record), document 73 is granted.  To the extent it seeks relief already deemed unavailable (an outside evaluation and monetary damages) document 73 is denied.  And, to the extent it seeks reimbursement for private school tuition, document 73 is denied without prejudice, as that issue will be decided on the merits, on the basis of the parties' decision memoranda.

The remaining pending motion, document 66, is defendant's motion to strike plaintiff's statement of facts (document 59), and to preclude plaintiff from filing further frivolous motions. Because document 59 appears to have been superseded by document 69, defendant's motion to strike document 59 is granted. Moreover, by this order, plaintiff is on notice that the only issue remaining in this case is her entitlement to private school tuition reimbursement, and that all factual allegations, either in a statement of facts or her decision memorandum, must be supported by record citation.  Regarding defendant's request for an order prohibiting plaintiff from filing further frivolous motions, the court recognizes that many of plaintiff's pending motions either cover matters that are irrelevant, or merely duplicate previous filings.  Neither type of pleading is remotely helpful to plaintiff's case, and plaintiff should carefully consider future motions practice.  But, even considering the frivolous and duplicative nature of many of plaintiff's motions, the court declines to bar her from future filings at this point, and, to that extent, document 66 is denied.

Plaintiff's motion practice is on the verge of spiraling out of control.  To conserve judicial resources, as well as those of the parties, it should be clearly stated that the court expects to receive, from each party: (1) a narrative statements of facts,

with record support; and (2) a properly supported decision memorandum that focuses, clearly and succinctly, on plaintiff's single remaining request for relief — her request for private school tuition reimbursement.  No other legal issue remains, and, other than the statements of facts and decision memoranda referenced above, nothing else is necessary for the court to decide this case.

## Conclusion

For the reasons given, documents 53 and 55 are granted in part; documents 54, 60, 62, 63, 70, and 72 are denied; documents 61 and 64 are denied as moot; documents 66 and 73 are granted in part and denied in part; and document 71 is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 18, 2009

cc: Elizabeth J. Campbell, pro se
    Jeanne M. Kincaid, Esq.
    Melissa A. Hewey, Esq.
    Anthony I. Blenkinsop, Esq.